UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS PETERSON,

                Petitioner,

v.

                                                          9:18-CV-1114
                                                          (GLS)

THE STATE OF NEW YORK,[1]

                Respondent.

---

APPEARANCES:                                                    OF COUNSEL:

CARLOS PETERSON
08-B-3052
Petitioner, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

On September 17, 2018, petitioner Carlos Peterson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition. On September 18, 2018, the court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis (IFP) application. Dkt. No. 2. On October 17, 2018, petitioner filed a properly certified IFP

---

[1] Petitioner named "The State of New York" as the respondent. Pet. at 1. The proper respondent for such a petition, however, is the superintendent of the facility in which the petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). In light of this technical error, the Clerk is directed to terminate the named respondent and substitute the proper superintendent.

application, as well as a motion for appointment of counsel. Dkt. No. 3; Dkt. No. 4, IFP Application. For the reasons that follow, petitioner's petition is deemed a successive petition for a writ of habeas corpus and it is transferred to the United States Court of Appeals for the Second Circuit.[2]

## II. DISCUSSION

At the outset, petitioner's IFP application reflects that he qualifies to proceed without paying the statutory filing fee. Dkt. No. 4, IFP Application. Accordingly, his application is granted. However, for the reasons that follow, this action must be transferred to the United States Court of Appeals for the Second Circuit for consideration in the first instance.

### A. Petitioner's Prior Habeas Petition

On May 5, 2010, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2008 judgment of conviction in Onondaga County, upon a jury verdict, of two counts of second degree assault, fourth degree criminal mischief, third degree criminal trespass, and resisting arrest. *See Peterson v. Superintendent*, No. 9:10-CV-0821, Dkt. No. 1, Petition, at 1; *accord Peterson v. Superintendent*, No. 9:10-CV-0821, 2011 WL 4343206, at *1 (N.D.N.Y. Mar. 28, 2011). On March 19, 2010, the New York Appellate Division, Fourth Department, affirmed petitioner's conviction and, on May 27, 2010, the New York Court of Appeals denied leave to appeal. *See Peterson*, 2011 WL 4343206, at *1 (citing *People v. Peterson*, 71 A.D.3d 1419 (4th Dep't 2010), *lv. denied*, 14 N.Y.3d 891 (2010)). In his habeas petition, petitioner argued that his conviction should be

---

[2] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the court's electronic filing system.

vacated because the evidence was insufficient to convict him of second degree assault. *Peterson*, 2011 WL 4343206, at *1.

On March 28, 2011, in a Report and Recommendation, Magistate Judge Andrew T. Baxter recommended the petition be denied and dismissed. *Id.*, 2011 WL 4343206, at *7. Specifically, Judge Baxter found:

> one of the officers sustained a black eye, which continued to cause him pain for several days, and the other officer sustained an injury to his arm for which he sought medical treatment, was prescribed physical therapy, and for which he was still wearing a brace four months later at the trial. The jury was entitled to make the determination that the officers sustained sufficient injury to find petitioner guilty of the crime charged beyond a reasonable doubt. The extent of petitioner's injuries were irrelevant if the jury also found that the the [sic] officers also sustained physical injuries inflicted by petitioner. After reviewing the evidence presented at trial in the light most favorable to the prosecution, this court finds that the Appellate Division did not act contrary to *Jackson v. Virginia* when it refused to disturb the jury determination and held that the evidence was sufficient to convict petitioner of Assault, Second Degree under N.Y. Penal Law § 120.05(3).

*Id.*

On April 4, 2011, petitioner submitted objections to that Report and Recommendation. *Peterson v. Superintendent*, No. 9:10-CV-0821, 2011 WL 4343204, at *1 (N.D.N.Y. Sept. 14, 2011). Over those objections, the "Report-Recommendation [wa]s accepted and adopted in its entirety[, and p]etitioner's . . . [p]etition [wa]s denied and dismissed." *Id.*

### B.  The Present Petition

Petitioner again challenges a 2008 judgment of conviction in Onondaga County, upon a jury verdict, of "two counts [of second degree] assault . . ., trespass, criminal mischief, [and] resisting arrest." Pet. at 1. While petitioner forgot the citations to the state court decisions

3

from his direct appeal, he stated that, in 2010, the Fourth Department affirmed his conviction despite his contentions of insufficient evidence and, subsequently in that same year, the Court of Appeals denied leave to appeal. *Id.* at 2.

Petitioner contends that he was "false[ly] imprison[ed] under the Fourth Amendment [and] deprived of liberty freedom from imprisonment." Pet. at 3. Liberally construing petitioner's allegations, he appears to argue he is entitled to federal habeas relief because there was legally insufficient evidence to support his conviction and he was deprived of due process as the result of prosecutorial misconduct. Specifically, petitioner states he "was in fact wrongfully convicted of two counts of assault, criminal mischief, trespass, [and] resisting arrest, in September 2008 . . . by a jury trial . . . because [he] . . . is not guilty of committing any crimes relating to the arrest[.]" *Id.* at 7. Further, petitioner asserts there was "reasonable doubt to believe [he] did not have a fair and just trial, based upon the weight of the evidence and actual facts to support this conviction . . . was absense [sic], not all provided to the court and jury members[.]" *Id.* at 8. Additionally, petitioner alludes to exculpatory evidence, namely "missing documents and exibits [sic] photos," and "false testimony [from the involved police officers which] misl[ed] the court and jury members, causing a wrongful conviction[.]" *Id.* at 9. For a more complete statement of petitioner's claims, reference is made to the petition.

**C.    Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the

4

prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. *See* 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Petitioner's current submission is another attack on his 2008 Onondaga County conviction for assault, trespass, criminal mischief, and resisting arrest. The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. *Compare* Pet. at 1-2, *with Peterson v.*

5

*Superintendent*, No. 9:10-CV-0821, Dkt. No. 1, Petition, at 1. This court previously dismissed said claims on the merits. *See Peterson*, 2011 WL 4343206, at *7. Moreover, petitioner makes an identical claim, at least with respect to challenging the sufficiency of the evidence supporting the assault portion of the conviction, to that which he alleged in his prior petition. Further, there is no basis for concluding that the additional relief that petitioner presently seeks, specifically vacating his conviction based on the legal insufficiency of the other crimes for which he was found guilty and the alleged prosecutorial misconduct, could not have been previously asserted in his prior petition since these claims also involve the testimony and evidence presented at his trial.

As district courts have no jurisdiction to decide successive petitions, the court is constrained to transfer this action to the appropriate Court of Appeals. *See Torres*, 316 F.3d at 151-52. Accordingly, this action is transferred to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.SC. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.* Further, the court makes no determination regarding petitioner's motion to appoint counsel, leaving that decision to the Second Circuit.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk terminate the named respondent and substitute the proper superintendent; and it is further

**ORDERED** that petitioner's IFP application (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C.

§ 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

October 22, 2018
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge